**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHAWN WESLEY MONTGOMERY,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:08-CV-994-G-BF** |
| | ) | |
| **RICK THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional

Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On August 15, 2001, Petitioner was convicted of Aggravated Sexual Assault of a Child

and was sentenced to sixty years confinement. *State v. Montgomery*, No. 00-00-27758-CR

(Crim. Dist. Ct. No. 13, Navarro County, Tex., Aug. 15, 2001). On May 1, 2002, Petitioner's

conviction and sentence were affirmed on direct appeal. *State v. Montgomery*, No. 10-01-287-

CR (Tex. App. - Waco 2002). On October 10, 2002, Petitioner's petition for discretionary review

(PDR) was denied by the Texas Court of Criminal Appeals. *Montgomery v. State,* PDR No. 958-02. On June 28, 2007, Petitioner filed a state petition for habeas corpus, which was denied without written order by the Texas Court of Criminal Appeals on October 3, 2007. *Ex parte Montgomery*, Application No. 68,452-01. On March 6, 2008, the Petitioner filed another state petition for habeas corpus. On April 30, 2008, the Texas Court of Criminal Appeals denied the petition as a successive petition. *Ex parte Montgomery*, Application No. 68,452-02.

On July 16, 2008, Petitioner filed this federal petition for habeas corpus. Petitioner argues:

(1)     the Texas Court of Criminal Appeals incorrectly interpreted the sexual assault statute;

(2)     his prosecution should have been barred by double jeopardy and collateral estoppel because he was previously prosecuted for an aggravated sexual assault charge that arose from the same sexual assault transaction with the same victim;

(3)     his prosecution should have been barred by double jeopardy because the Texas assault statute states that there can only be one assault charged per victim; and

(4)     his prosecution should have been barred by collateral estoppel and double jeopardy because he was acquitted of the sexual assault charge under a "knowingly and intentionally" standard.

On September 15, 2008, Respondent filed a preliminary response arguing that the petition for habeas corpus filed by the Petitioner should be dismissed as time-barred. The Court now finds the petition should be dismissed as time-barred.

## II.  Discussion

**A. Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal *habeas* proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Fifth District Court of Appeals affirmed Petitioner's conviction on May 1, 2002. On October 10, 2002, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later, on January 8, 2003. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until January 8, 2004, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 28, 2007 and March 6, 208, Petitioner filed state petitions for habeas relief. These petitions were filed after the one-year limitation period had expired and, therefore, did not toll the limitations period.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling.

Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 14th day of September, 2010.

**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).